UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHN T. TAYLOR and MICHAEL J. DOOLEY on behalf of themselves and all others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 3:13-00120 ) Judge Sharp |
| TROJAN LABOR OF NASHVILLE, LLC, d/b/a TROJAN LABOR, | ) ) ) ) |
| Defendant. | ) |

**MEMORANDUM**

In this action under the Fair Labor Standards Act (FLSA), Plaintiffs also claim that Defendant was unjustly enriched by their uncompensated services. Defendant has filed a "Motion to Dismiss or, in the Alternative, Motion for More Definite Statement" (Docket No. 5), and that motion has been fully briefed by the parties (Docket Nos. 6, 8 & 9). For the reasons that follow, the request for dismissal will be denied, but the alternative request for a more definitive statement will be granted.

**I.**

Defendant moves to dismiss Plaintiffs' common law unjust enrichment claim, arguing that the same is preempted by the FLSA.

The question of whether the FLSA preempts state law causes of actions has not been answered by the Sixth Circuit and, as even Defendant concedes, has not resulted in uniform answers by the Courts of Appeals that have addressed the question. The First Circuit in Roman v. Maietta

1

Const., Inc., 147 F.3d 71, 76 (1st Cir. 1998) (citation omitted) held that "'the plaintiff cannot circumvent the exclusive remedy prescribed by Congress by asserting equivalent state claims in addition to the FLSA claim.'" Conversely, the Ninth Circuit in Wang v. Chinese Daily News, Inc., 623 F.3d 743, 760 (9th Cir. 2010) held "that FLSA does not preempt a state-law" claim that "borrows its substantive standards from FLSA." Similarly, the Second Circuit in Shahriar v. Smith & Wollensky Rest. Group, 659 F.3d 234, 248 (2nd Cir. 2011) did "not read the plain language of § 216 [of the FLSA] as restraining any remedies available to employees under state law[.]" Despite such conflicting authority, Defendant argues "[t]he decision of Anderson v. Sara Lee Corp., 508 F.3d 181 (4th Cir. 2007) is directly on point, and demands the dismissal of the Complaint's common law claims." (Docket No. 6 at 6).

In Anderson, production workers at a Sarah Lee bakery challenged a company dress policy that did not compensate employees for time spent changing in and out of company mandated uniforms. Recognizing that "'the FLSA provides an unusually elaborate enforcement mechanism,'" the Fourth Circuit held that the FLSA preempted the plaintiffs' state-law claims for fraud, breach of contract and negligence because "Congress prescribed exclusive remedies in the FLSA for violations of its mandates," particularly where the "state claims all depend on establishing that Sara Lee violated the FLSA, either in good faith or willfully." Id. at 192-194 (quoting, Kendall v. City of Chesapeake, 174 F.3d 437, 443 (4th Cir. 1999).

Obviously, Anderson is not controlling, and it has not met with universal acceptance by district courts in this circuit, one of which characterized Anderson as "a lighting rod case in FLSA preemption." Woodall v. DSI Rental, Inc., 2012 WL 1038626 at *5 (W.D. Tenn. 2012). For example, in Carter v. Jackson-Madison County Hosp. Dist., 2011 WL 1256625 *11 (W.D. Tenn.

2

March 31, 2011), the court allowed an unjust enrichment claim to go forward, and distinguished Anderson because the unjust enrichment claim sought to recover damages during the period in which plaintiff "worked less than forty hours and the FLSA does not provide a remedy." The court in Monahan v. Smyth Auto., Inc., 2011 WL 379129 at *5 (S.D. Ohio, Feb. 2, 2011) also discussed Anderson, but held that "unjust enrichment, while possibly based on many of the same facts, is not a claim duplicative of an FLSA claim," and found "that a claim for unjust enrichment simply does not interfere with or create any obstacles to the FLSA scheme, and the two theories are not in conflict."

This Court will not wade into the thicket at this time and issue a ruling which may be more broad than necessary to determine whether, under the facts that will be fleshed out during the course of discovery in this case, Plaintiffs' claim for unjust enrichment is preempted by the FLSA. "To survive a motion to dismiss, Plaintiffs need only set forth enough facts "'to state a claim that is plausible on its face,'" and from which the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting, Bell Atlantic Corp v. Twombly, 550 U.S. 544, 556 (2007)). In the absence of controlling authority and the presence of plenty of authority which suggests that common law unjust enrichment claims are not preempted by the FLSA, Plaintiffs have stated a plausible claim for relief, and the Motion to Dismiss will be denied.

## II.

As an alternative to outright dismissal of the unjust enrichment claim, Defendant requests that Plaintiffs be required to provide a more definite statement in accordance with the requirement of Local Rule 23.01 as to the type of class they are seeking to certify. Plaintiffs did not address this

3

alternative request in their response brief.

"If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding." Swierkiewicz v. Sorema N. A., 534 U.S. 506, 514 (2002). "Federal courts generally disfavor motions for more definite statements," and "courts rarely grant such motions . . . in view of the notice pleading standards of Rule 8(a)(2) and the opportunity for extensive pretrial discovery." E.E.O.C. v. FPM Group, Ltd., 657 F. Supp.2d 957, 966 (E.D. Tenn. 2009).

That said, this Court's Local Rules contains specific requirements for class action complaints. Among other things, a class action complaint "shall state: a. a reference to the portions of Rule 23 of the Federal Rules of Civil Procedure under which it is claimed that the suit is properly maintainable as a class action" L.R. 23.01(a)(2)(b)(1).

In this case, the Complaint merely requests "[c]ertification of the Tennessee state law claims as a class action pursuant to Fed. R. Civ. Pro. 23," (Docket No. 1 at 20), without any reference to the specific provisions of that rule as required by Local Rule 23.01. Accordingly, Plaintiffs will be required to provide a more definite statement that identifies the specific provision(s) under Rule 23 of the Federal Rules of Civil Procedure under which class certification is sought.

### III.

Based upon the foregoing, Defendant's request for dismissal of Plaintiffs' unjust enrichment claim will be denied, but its alternative request for a more definite statement will be granted.

An appropriate Order will be entered.

*(signed)* Kevin H. Sharp
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE

4